# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MAMADOU SALIOU BARRY,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TODD BLANCHE,** | § | |
| Acting U.S. Attorney General; | § | |
| **MARKWAYNE MULLIN,** | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; | § | |
| **DAVID J. VENTURELLA,** | § | **EP-26-CV-00068-DCG** |
| Senior Official Performing the Duties of the | § | |
| Director of U.S. Immigration and Customs | § | |
| Enforcement; | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| Director, El Paso Field Office, Immigration | § | |
| and Customs Enforcement; *and* | § | |
| **CURTIS TAYLOR,** | § | |
| Major General, U.S. Army at Camp Bliss, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

For the following reasons, the Court **GRANTS** Mamadou Saliou Barry's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to **RELEASE** Petitioner from custody.

## I.    Background

Immigration and Customs Enforcement ("ICE") is physically detaining Petitioner in El Paso, Texas.[1] According to Respondents, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A),[2] which applies to noncriminal aliens who are "applicants for admission" to the United States.[3]

Petitioner has remained in ICE custody for more than 90 days.[4] During that time, the Government has neither provided Petitioner a bond hearing nor entered a final order of removal in Petitioner's case.[5]

---

[1] *See* Pet., ECF No. 1, at 2.

[2] *See* Resp., ECF No. 4, at 3.

[3] *Contrast* 8 U.S.C. § 1225(b)(2)(A) (providing (subject to certain exceptions) that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained"), *with id.* § 1226(c) (governing the "[d]etention of criminal aliens").

[4] *See* Pet. at 6 (indicating that the Government has detained Petitioner since at least January 6, 2026; *see also id.* at 10 (indicating that the Government has "detain[ed] [Petitioner] without a [bond] hearing]").

*See also* Resp. at 2 (stating the Government's position that "mandatory detention (*i.e.*, detention without the prospect of release on bond)" applies to aliens detained under 8 U.S.C. § 1225(b)).

[5] Per the undersigned Judge's Standing Order to Provide Status Updates in Immigration Habeas Cases, the parties were required to tell the Court if and when (1) "the Government grants the petitioner a custody redetermination hearing [(*i.e.*, a bond hearing)]," (2) "the Government issues an order of removal against the petitioner," and (3) "the petitioner's order of removal becomes administratively final." A copy of that Standing Order is available at https://www.txwd.uscourts.gov/judges-information/standing-orders/.

Neither party has filed a status update containing that information, so the Court proceeds under the assumption that no final order of removal exists and that Petitioner has not received a bond hearing.

## II.    Discussion

### A.    Next Friend Standing

Petitioner's cousin, Mr. Ibrahima Sory Barry ("Mr. Barry"[6]), seeks to step into Petitioner's shoes and litigate this habeas case on Petitioner's behalf as his next friend. Before addressing the Petition's merits, the Court must first consider whether Mr. Barry has standing to bring claims on Petitioner's behalf.

Federal courts may only hear and decide cases over which they have subject matter jurisdiction.[7] To invoke federal subject matter jurisdiction, plaintiffs/petitioners "must establish the requisite standing to sue."[8] The standing doctrine requires plaintiffs/petitioners to have a "personal stake in the outcome" sufficient to "assure that concrete adverseness which sharpens the presentation of issues."[9] Unless a plaintiff/petitioner establishes standing, federal courts may not hear or decide their case.[10]

Under some circumstances, an individual may have standing to pursue a case on another person's behalf—that is, as their "next friend."[11] "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."[12] "A 'next friend' does not himself become a party to

---

[6] For the purposes of this Order, "Mr. Barry" refers to Ibrahima Barry—not Petitioner.

[7] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–14 (2009).

[8] *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

[9] *Baker v. Carr*, 369 U.S. 186, 204 (1962).

[10] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

[11] *Whitmore*, 495 U.S. at 162.

[12] *Id.*; *see also id.* ("Some early decisions in this country interpreted ambiguous provisions of the federal habeas corpus statute to allow 'next friend' standing in connection with petitions for writs of

the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."[13]

Under *Whitmore v. Arkansas*, the "next friend" bears the burden to clearly establish their standing by satisfying two conditions.[14] "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."[15] "[T]hat explanation must be supported by relevant proof."[16] "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."[17] Put differently, the "next friend" must show "some significant relationship with the real party in interest."[18]

As the Court will now explain, Mr. Barry has satisfied his burden to demonstrate standing.

---

habeas corpus . . . and Congress eventually codified the doctrine explicitly in 1948." (citation modified)); *see also* 28 U.S.C. § 2242.

[13] *Whitmore*, 495 U.S. at 163.

[14] *Id.* at 164.

[15] *Id.* at 163.

[16] *Fanciullo by next friend Fanciullo v. Hillhouse*, Case No. 6:23-cv-00286, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (citing *Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012)), *report and recommendation adopted*, No. 6:23-cv-00286, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023).

[17] *Whitmore*, 495 U.S. at 162.

[18] *Id.* at 164.

### 1.   The Court is "inaccessible" to Petitioner for purposes of next-friend standing.

To proceed as Petitioner's next friend, Mr. Barry must first provide an adequate explanation for why Petitioner cannot appear on his own behalf to prosecute the action.[19] Mr. Barry argues that Petitioner has limited ability to prepare, sign, or file court documents while detained at Camp East Montana.[20] That's because, according to Mr. Barry, Petitioner only speaks French and Fulani fluently and is "far from fluent" in English.[21] Mr. Barry further argues that Petitioner is "without reliable access to legal materials or translation services" while detained at Camp East Montana.[22]

The Fifth Circuit has recognized that an alien's "[i]nability to understand the English language or the situation" is a "proper use of the 'next friend' application."[23] This Court therefore finds that Petitioner's inability to meaningfully prepare legal materials in English support the "use of the 'next friend' application" here.[24]

---

[19] *See supra* note 15 and accompanying text.

[20] Pet. at 4.

[21] *Id.*

[22] *See id*.

[23] *Weber v. Garza*, 570 F.2d 511, 514 n.4 (5th Cir. 1978).

[24] *See id.*

*Cf. Fuente v. U.S. Immigr. & Customs Enf't*, No. SA-26-CA-00062-XR, 2026 WL 300791, at *2 (W.D. Tex. Jan. 30, 2026) (finding that conditions at immigration detention camp "and, in particular, detainees' virtually non-existent access to free legal resources in any language other than English and other materials required to prepare pro se filings" rendered the court inaccessible to the petitioner).

### 2.    Mr. Barry has a "significant relationship" to Petitioner for purposes of next-friend standing.

Regarding the second prong, Mr. Barry avers that he is Petitioner's cousin, lived with Petitioner when Petitioner arrived in the United States, and maintains a close relationship with Petitioner."[25] Mr. Barry further avers that he "is acting solely in [Petitioner's] best interests, not to assert his own rights or interests in any way."[26] Under these circumstances, the Court concludes that Mr. Barry satisfies *Whitmore*'s significant relationship prong.[27]

*****

Because Mr. Barry has satisfied both *Whitmore* prongs, the Court finds that he has standing to seek habeas relief on Petitioner's behalf.[28]

---

[25] Pet. at 4–5.

[26] *Id.* at 5.

[27] *See Guillermo R.R. v. Warden of the California City Corr. Ctr.*, No. 1:26-CV-01991-TLN-CKD, 2026 WL 1113795, at *2 (E.D. Cal. Apr. 24, 2026) (determining that long-time friend satisfied Whitmore's significant relationship prong); *He v. Johnson*, No. 1:26-CV-02610-KES-CDB, 2026 WL 959973, at *1 (E.D. Cal. Apr. 9, 2026) (similar).

*See also Cartner v. Davis*, 988 F. Supp. 2d 33, 36 (D.D.C. 2013) ("A close relative, 'such as a parent, spouse, or sibling, who maintain[s] a close personal relationship with the aggrieved' could qualify as a next friend." (quoting *Davis v. Austin,* 492 F. Supp. 273, 275 (N.D. Ga. 1980))).

[28] Mr. Barry is not an attorney. *See* Pet. at 12. The Court recognizes that, in other cases, it has required *pro se* next friends to obtain counsel before allowing cases to proceed. *See, e.g.*, *Yusif by & through Bortey v. Blanche*, No. EP-26-CV-00596-DCG, 2026 WL 1721280, at *3 (W.D. Tex. June 15, 2026). As the Court previously explained, "the rule prohibiting a next friend from litigating *pro se* on behalf of another person exists [in part] to protect the rights of the represented party, who may 'be bound, or [have] his rights waived, by his legal representative.'" *Id.* at *4 (first citing *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018); and then citing *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)). The Court further reasoned that "[w]ere non-attorneys permitted to litigate on behalf of detainees, those non-attorneys' unknowing missteps could prove to be the difference in whether the Court orders a detainee's release. *Id.*

As the Court will explain below, the Fifth Circuit's opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026) unambiguously requires Petitioner's release. Thus, as things currently stand, there is no risk that Mr. Barry's "unknowing missteps" could impact the

### B.    Fifth Amendment Due Process Clause

The Fifth Circuit held in *Sosnava Rodriguez v. Ortega* "that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention."[29] As for a "reasonable time," the Fifth Circuit concluded "that the Government may detain aliens under Section 1225(b)(2)(A) for *ninety days* but *no longer* without a bond hearing."[30]

The record here indicates that the Government:

(1)    is detaining Petitioner under Section 1225(b)(2)(A);[31]

(2)    has detained Petitioner for more than 90 days;[32] and

(3)    has not given Petitioner a bond hearing at which the Government "articulate[d] an individualized justification for further detention without bond."[33]

---

outcome of this case. For that reason—and considering that the Court already determined that Mr. Barry has Article III standing to pursue the Petition on Petitioner's behalf, *see supra* Section II.A—the Court will address the merits without requiring Mr. Barry to obtain counsel. If further proceedings become necessary, however, the Court may require Mr. Barry to obtain counsel. *See, e.g.*, *Yusif*, 2026 WL 1721280, at *4 (concluding that "unless and until [the next friend] obtains counsel, this case can't proceed").

[29] *Sosnava Rodriguez*, 2026 WL 1906557, at *15.

[30] *See id.* at *16 (5th Cir. July 2, 2026) (emphasis added); *id.* at * 7 (noting that Section 1225(b)(2)(A) "unambiguously provides for mandatory detention" (quoting *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026))).

[31] *See supra* notes 2–3 and accompanying text.

[32] *See supra* note 4 and accompanying text.

[33] *See supra* note 5 and accompanying text.

*See also Sosnava Rodriguez*, 2026 WL 1906557, at *16 (determining "that a [bond] hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond"); *see also id.* (concluding that "dangerousness and flight risk" may provide such an individualized justification for further detention without bond, but "not reject[ing] the possibility that the Government may be able to assert another justification why an unadmitted alien must be detained").

Thus, under *Sosnava Rodriguez*, Petitioner is entitled to habeas corpus relief.

###     C.      Withholding of Mandate

A judge of the Fifth Circuit has withheld issuance of the mandate in *Sosnava Rodriguez*.[34] There is a split of authority on whether a published opinion is binding notwithstanding the mandate being withheld,[35] but the Court needn't resolve that issue. The Court is either bound to follow *Sosnava Rodriguez* or will follow it as persuasive, non-binding authority.

###     D.      Remedy

Having determined that (1) *Sosnava Rodriguez* applies to this case and (2) Respondents have deprived Petitioner of procedural due process under the Fifth Amendment, the Court next considers the appropriate remedy. Specifically, the Court must decide whether to:

(1)      order Respondents to give Petitioner a bond hearing by a specified date— which would necessarily occur outside the 90-day window the Fifth Circuit adopted; or

---

[34] *See* Order at 2, *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026), ECF No. 166 ("A judge of this Court withholds issuance of the mandate in this appeal.").

*See also* FED. R. APP. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order."); 5th Cir. R. 41 I.O.P. ("Any active Fifth Circuit Judge may request that the Court withhold issuance of its mandate.").

[35] *Contrast, e.g.*, *Hunter v. United States*, No. 17-10575-EE, 2017 WL 11621371, at *2 (11th Cir. Dec. 27, 2017) ("The stay of a mandate in no way affects the duty of a panel of this Court to apply the precedent established by a case in which the mandate was withheld as binding authority."), *with Spectrum WT v. Wendler*, 816 F. Supp. 3d 648, 666 (N.D. Tex. 2026) (concluding that when "the Fifth Circuit vacated [an] opinion and withheld the mandate," the mandate was "not currently binding on [that] Court").

However, the Eleventh Circuit's position in *Hunter* may be driven by the Eleventh Circuit's Internal Operating Procedures, the relevant provision of which states that "published opinions are binding precedent," and "[t]he issuance or non-issuance of the mandate does not affect this result." *See* 11th Cir. R. 36 I.O.P. 2. The Fifth Circuit's Internal Operating Procedures do not include this provision. *See* 5th Cir. R. 41 I.O.P. It's thus unclear whether the Fifth Circuit would adopt the same approach.

- 8 -

(2)    release Petitioner from custody immediately.

*Sosnava Rodriguez* indicates that the latter remedy is the appropriate one. The Fifth

Circuit stated that if the petitioners in *Sosnava Rodriguez* had still been in detention at the time

of the panel's ruling,[36] the panel's opinion "would require their *release* unless they had been

provided a bond hearing" by the 90-day deadline that the Fifth Circuit adopted.[37] This Court

interprets that language to mean that release—not an untimely bond hearing—is the proper

remedy when the Government fails to give a § 1225(b)(2)(A) detainee a bond hearing within 90

days. That is therefore the remedy the Court will grant Petitioner.

## III.    Conclusion

The Court therefore **GRANTS** Mamadou Saliou Barry's "Petition for Writ of Habeas

Corpus" (ECF No. 1).

The Court **ORDERS** Respondents to **RELEASE** Petitioner from custody within **seven

calendar days** of this Order, subject to appropriate and lawful conditions of supervision.

Respondents **MAY NOT** re-detain Petitioner under the authority of 8 U.S.C. §

1225(b)(2)(A) unless they first successfully move to modify this Order.[38]

---

[36] *See Sosnava Rodriguez*, 2026 WL 1906557, at *3 & n.2 (noting that the petitioners had been "released from custody" pursuant to the district court's orders granting their habeas corpus petitions).

[37] *See id.* at *17 (emphasis added).

[38] *Cf. id.* ("Regardless, we see no reason to have any of the three detained again to serve additional time prior to a removal order. If a removal order has been issued as to any of these aliens, detention under Section 1225(b)(2)(A) is no longer relevant.").

Nothing in this Order prohibits the Government from re-detaining Petitioner under 8 U.S.C. §§ 1226(c), 1231(a)(2)(A), or another similar source of statutory authority. *See id.* ("[I]f a removal order is entered for any alien who [is] released under our ruling, detention will again be required under Section 1231(a)(2)(A). Our decision does not apply to any alien held under Section 1226(c), or under any other statutory provision requiring detention without bond.").

The Court **ORDERS** Respondents to **RETURN** Petitioner's property (including identification, immigration papers, cellphone, money, keys, and any other personal effects).

The Court **ORDERS** Respondents to **NOTIFY** the Court **<u>no later than fourteen days</u>** of this Order with confirmation of Petitioner's release.[39]

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** the following as Respondents in the above-captioned case:

(1)     Secretary of the U.S. Department of Homeland Security **Markwayne Mullin** in place of former Secretary Kristi Noem;

(2)     Acting U.S. Attorney General **Todd Blanche** in place of former Attorney General Pamela Bondi; *and*

(3)     Senior Official Performing the Duties of the Director of ICE **David J. Venturella** in place of former Acting Director Todd M. Lyons.[40]

---

[39] That deadline is subject to the automatic extension provisions in Federal Rule of Civil Procedure 6(a)(1)(C). *See* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Respondents' deadline to release Petitioner within three *calendar* days is *not* subject to Rule 6(a)(1)(C).

[40] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

- 11 -

Finally, the Clerk of Court **SHALL MAIL** this Order to both:

Mamadou Saliou Barry
ERO El Paso Camp East Montana
8915 Montana Ave.
El Paso, Texas 79925

**AND**:

Ibrahima Sory Barry
204 Richfield Road
Upper Darby, PA 19087

**So ORDERED and SIGNED this 8th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**